18-396
Herrick v. Grindr LLC



UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand nineteen.

PRESENT: DENNIS JACOBS,
REENA RAGGI,
RAYMOND J. LOHIER, JR.,
  Circuit Judges.

- - - - - - - - - - - - - - - - - - -X
MATTHEW HERRICK,
  Plaintiff-Appellant,

v. 18-396

GRINDR LLC, KL GRINDR HOLDINGS
INC., GRINDR HOLDING COMPANY,
  Defendants-Appellees.
- - - - - - - - - - - - - - - - - - -X

1

MANDATE

MANDATE ISSUED ON 05/17/2019

| | |
|---|---|
| **FOR APPELLANT:** | Tor B. Ekeland, Tor Ekeland Law, PLLC, Brooklyn, NY (Carrie A. Goldberg, Aurore C. DeCarlo, C.A. Goldberg, PLLC, Brooklyn, NY, <u>on the brief</u>). |
| **FOR APPELLEES GRINDR LLC, KL GRINDR HOLDINGS, INC.:** | Daniel P. Waxman (Courtney J. Peterson, <u>on the brief</u>), Bryan Cave Leighton Paisner LLP, New York, NY. |
| **FOR APPELLEE GRINDR HOLDING COMPANY:** | Moez M. Kaba (Allison Libeu, Jonathan D. Guynn, <u>on the brief</u>), Hueston Hennigan LLP, Los Angeles, CA. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Caproni, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on February 14, 2018 is **AFFIRMED**.

Matthew Herrick appeals from a judgment of the United States District Court for the Southern District of New York (Caproni, <u>J.</u>) dismissing his claims against Grindr LLC, KL Grindr Holdings, Inc., and Grindr Holding Company (collectively, "Grindr"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Grindr is a web-based "hook-up" application ("app") that matches users based on their interests and location. Herrick was the victim of a campaign of harassment by his ex-boyfriend, who created Grindr profiles to impersonate

2

Herrick and communicate with other users in his name, directing the other users to Herrick's home and workplace. Herrick alleges that Grindr is defectively designed and manufactured because it lacks safety features to prevent impersonating profiles and other dangerous conduct, and that Grindr wrongfully failed to remove the impersonating profiles created by his ex-boyfriend.

Herrick filed suit against Grindr in New York state court in January 2017, asserting causes of action for negligence, deceptive business practices and false advertising, intentional and negligent infliction of emotional distress, failure to warn, and negligent misrepresentation. On the same day the complaint was filed, the state court entered an ex parte temporary restraining order ("TRO") requiring Grindr to disable all accounts impersonating Herrick. In February 2017, Grindr removed the case to the Southern District of New York. The district court subsequently denied Herrick's motion to extend the state court's TRO, concluding that each of his claims was either barred by Section 230 of the Communications Decency Act of 1996 (the "CDA"), 47 U.S.C. § 230, or failed on the merits.

Herrick filed an amended complaint in March 2017, adding causes of action for products liability, negligent design, promissory estoppel, fraud, and copyright infringement.[1] Grindr moved to dismiss on the grounds that all the claims other than copyright infringement are barred by CDA § 230, and that the misrepresentation-based claims fail on the merits. KL Grindr Holdings, Inc. ("KL Grindr") and Grindr Holding Company ("Grindr Holding") additionally moved to dismiss for lack of personal jurisdiction.

On January 25, 2018, the district court granted the motions to dismiss. Herrick argues on appeal that the district court erred in dismissing the majority of his claims as barred by the CDA; that he sufficiently pleaded the claims that were dismissed on the merits; and that the district court abused its discretion in denying leave to amend the complaint.

We review de novo a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). ACLU v. Clapper, 785 F.3d 787, 800 (2d

---

[1] Herrick does not appeal the dismissal of the copyright infringement claim.

3

Cir. 2015). We review the district court's denial of leave to amend for abuse of discretion. United States ex rel. Ladas v. Exelis, Inc., 824 F.3d 16, 28 (2d Cir. 2016).

**1.** Under CDA § 230(c), "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). "In applying the statute, courts have broken it down into three component parts, finding that it shields conduct if the defendant [A] is a provider or user of an interactive computer service, [B] the claim is based on information provided by another information content provider and [C] the claim would treat the defendant as the publisher or speaker of that information." FTC v. LeadClick Media, LLC, 838 F.3d 158, 173 (2d Cir. 2016) (internal quotation marks and alterations omitted). "The majority of federal circuits have interpreted [§ 230(c)] to establish broad federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service." Almeida v. Amazon.com, Inc., 456 F.3d 1316, 1321 (11th Cir. 2006) (internal quotation marks omitted).

### A. Grindr is a provider of an interactive computer service.

Herrick suggests that the Grindr app is not an interactive computer service ("ICS"). The CDA defines an ICS as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server . . . ." 47 U.S.C. § 230(f)(2). This definition "has been construed broadly to effectuate the statute's speech-protective purpose." Ricci v. Teamsters Union Local 456, 781 F.3d 25, 28 (2d Cir. 2015).

As the district court observed, courts have repeatedly concluded that the definition of an ICS includes "social networking sites like Facebook.com, and online matching services like Roommates.com and Matchmaker.com," which, like Grindr, provide subscribers with access to a common server. App. 198 (collecting cases). Indeed, the Amended Complaint expressly states that Grindr is an ICS, and Herrick conceded as much at a TRO hearing in the district court. Accordingly, we see no error in the district court's conclusion that Grindr is an ICS.

### B. Herrick's claims are based on information provided by another information content provider.

Herrick argues that his claims are not based on information provided by another information content provider. He argues that while the information in a user's Grindr profile may be "content," his claims arise from Grindr's management of its users, not user content.

Herrick's products liability claims arise from the impersonating content that Herrick's ex-boyfriend incorporated into profiles he created and direct messages with other users. Although Herrick argues that his claims "do[] not arise from any form of speech," Appellant's Br. at 33, his ex-boyfriend's online speech is precisely the basis of his claims that Grindr is defective and dangerous. Those claims are based on information provided by another information content provider and therefore satisfy the second element of § 230 immunity. See Ricci, 781 F.3d at 27-28.

The claims for negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress relate, in part, to the app's geolocation function. These claims are likewise based on information provided by another information content provider. Herrick contends Grindr created its own content by way of the app's "automated geolocation of users," but that argument is undermined by his admission that the geolocation function is "based on real-time streaming of [a user's] mobile phone's longitude and latitude." Appellant's Br. at 32. It is uncontested that Herrick was no longer a user of the app at the time the harassment began; accordingly, any location information was necessarily provided by Herrick's ex-boyfriend.

### C. Herrick's claims treat Grindr as the publisher or speaker of the offensive content.

As we have observed, "[a]t its core, § 230 bars 'lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions--such as deciding whether to publish, withdraw, postpone or alter

5

content.'" LeadClick Media, LLC, 838 F.3d at 174 (quoting Jones v. Dirty World Entm't Recordings LLC, 755 F.3d 398, 407 (6th Cir. 2014)). Therefore, allegations based on an ICS's "refus[al] to remove" offensive content authored by another are barred by § 230. Ricci, 781 F.3d at 28.

Herrick argues that his claims are premised on Grindr's design and operation of the app rather than on its role as a publisher of third-party content. However, as the district court observed, Grindr's alleged lack of safety features "is only relevant to Herrick's injury to the extent that such features would make it more difficult for his former boyfriend to post impersonating profiles or make it easier for Grindr to remove them." App. 202. It follows that the manufacturing and design defect claims seek to hold Grindr liable for its failure to combat or remove offensive third-party content, and are barred by § 230. See, e.g., Jane Doe No. 1 v. Backpage.com, LLC, 817 F.3d 12, 21 (1st Cir. 2016) (claims based on the "structure and operation" of a defendant ICS were barred by § 230 because the lack of safety features reflects "choices about what content can appear on the website and in what form," which are "editorial choices that fall within the purview of traditional publisher functions"); Universal Commc'n Sys., Inc. v. Lycos, Inc., 478 F.3d 413, 422 (1st Cir. 2007) (the defendant's "decision not to reduce misinformation by changing its web site policies was as much an editorial decision with respect to that misinformation as a decision not to delete a particular posting").

Herrick argues that the failure to warn claim is not barred by § 230, relying on Doe v. Internet Brands, 824 F.3d 846 (9th Cir. 2016). But in Internet Brands, there was no allegation that the defendant's website transmitted potentially harmful content; the defendant was therefore not an "intermediary" shielded from liability under § 230. Id. at 852. Herrick's failure to warn claim is inextricably linked to Grindr's alleged failure to edit, monitor, or remove the offensive content provided by his ex-boyfriend; accordingly, it is barred by § 230. See LeadClick Media, LLC, 838 F.3d at 174.

In any event, insofar as Herrick faults Grindr for failing to generate its own warning that its software could be used to impersonate and harass others, the claim fails for lack of causation. See Estrada v. Berkel, Inc., 14 A.D.3d 529, 530 (2d

6

Dep't 2005) (observing that causation is element of failure to warn claim). Since, as the Amended Complaint admits, Herrick deactivated his Grindr account in 2015 (over one year before any impersonation or harassment), any purported failure to warn Herrick when he first downloaded Grindr in 2011 is unrelated to his ex-boyfriend's subsequent use of the app. In sum, there is no basis to infer from the Amended Complaint that Grindr's failure to warn caused Herrick's injury. The district court therefore did not err in dismissing the failure to warn claim.

To the extent that the claims for negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress are premised on Grindr's allegedly inadequate response to Herrick's complaints, they are barred because they seek to hold Grindr liable for its exercise of a publisher's traditional editorial functions. LeadClick Media, LLC, 838 F.3d at 174. To the extent that they are premised on Grindr's matching and geolocation features, they are likewise barred, because under § 230 an ICS "will not be held responsible unless it assisted in the development of what made the content unlawful" and cannot be held liable for providing "neutral assistance" in the form of tools and functionality available equally to bad actors and the app's intended users. See id. at 174, 176 (citing Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC, 521 F.3d 1157, 1168 (9th Cir. 2008) (in banc)).

\* \* \*

For the foregoing reasons, Herrick's products liability claims and claims for negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress are barred by CDA § 230, and dismissal on that ground was appropriate because "the statute's barrier to suit is evident from the face of the complaint." Ricci, 781 F.3d at 28.

**2.** Herrick argues that the district court erred in ruling that his claims for fraud, negligent misrepresentation, promissory estoppel, deceptive business practices, and false advertising fail to state a claim on the merits.

7

### A. Fraud

"Under New York law, to state a claim for fraud a plaintiff must demonstrate: (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." Wynn v. AC Rochester, 273 F.3d 153, 156 (2d Cir. 2001) (citing Lama Holding Co. v. Smith Barney, Inc., 88 N.Y.2d 413, 421 (1996)).

The district court determined that there was no material misrepresentation by Grindr because the allegedly misleading statements identified in the Amended Complaint--Grindr's Terms of Service and its "community values page"--do not represent that Grindr will remove illicit content or take action against users who provide such content, and the Terms of Service specifically disclaim any obligation or responsibility to monitor user content. On appeal, Herrick contends that the district court erred by considering language from Grindr's Terms of Service that was not incorporated into the Amended Complaint and reaffirms his contention that the community values page "fraudulently conveys that Grindr has the capacity to help." Appellant's Br. at 41 (emphasis omitted).

Even if we were to assume that there were material misrepresentations in Grindr's Terms of Service and community values page and that Herrick reasonably relied upon them when he created a Grindr account in 2011, his claim would nevertheless fail for lack of causation. As the district court observed, Herrick deactivated his Grindr account in 2015 when he met his (now) ex-boyfriend, before any harassment began. Herrick therefore could have suffered the exact same harassment if he had never seen the Terms of Service or created a Grindr account; so his injury is not a "direct and proximate result of his reliance on [the alleged] misrepresentations," Lehman v. Dow Jones & Co., 783 F.2d 285, 296 (2d Cir. 1986), and the district court therefore did not err in dismissing the fraud claim.

### B. Negligent Misrepresentation

Herrick's negligent misrepresentation claim was dismissed on the same grounds as his fraud claim, and on the additional ground that the Amended Complaint fails to allege a "special relationship" sufficient to sustain a claimed negligent misrepresentation. See Anschutz Corp. v. Merrill Lynch & Co., 690 F.3d 98, 114 (2d Cir. 2012). Since (for reasons adduced above) the Amended Complaint fails to plausibly allege that Grindr's alleged misrepresentations are a proximate cause of Herrick's injury, the district court did not err in dismissing the negligent misrepresentation claim. See Laub v. Faessel, 297 A.D.2d 28, 30 (1st Dep't 2002).

### C. Promissory Estoppel

The district court determined that Herrick's promissory estoppel claim must be dismissed because it fails to allege a sufficiently unambiguous promise and fails to plausibly allege reasonable reliance. Herrick takes issue with these rulings, but even if we assume that the Amended Complaint plausibly alleges a promise and reasonable reliance, Herrick has failed to explain how his injury was "sustained . . . by reason of his reliance" on the alleged promise. See Esquire Radio & Elecs., Inc. v. Montgomery Ward & Co., 804 F.2d 787, 793 (2d Cir. 1986). His promissory estoppel claim (like the claims for fraud and negligent misrepresentation) was appropriately dismissed for failure to plausibly allege causation.

### D. Deceptive Business Practices and False Advertising

The district court determined that the claims for deceptive business practices and false advertising under New York General Business Law ("GBL") §§ 349 and 350 fail because the Amended Complaint does not plausibly allege that a reasonable consumer would be misled by Grindr's statements, and with respect to the false advertising claim, for the additional reason that it fails to allege reasonable reliance. On appeal, Herrick cites allegations regarding Grindr's "promotional statements made on its website and its [Terms of Service] assuring potential users it would moderate abusive content and act to prevent harassment of its users." Appellant's Br. at 47.

9

As the district court observed, Grindr's Terms of Service specify, <u>inter alia</u>, that "Grindr assumes no responsibility for actively monitoring User Content for inappropriate content," and that "Grindr does not endorse and has no control over the content of User Content submitted by other Users." App. 210 (internal quotation marks omitted). Those disclaimers were properly considered by the district court in its ruling on the motion to dismiss. <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152-53 (2d Cir. 2002) ("[T]he complaint is deemed to include . . . any statements or documents incorporated in it by reference," and "[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." (internal quotation marks omitted)). In view of the disclaimers in the Terms of Service, Herrick has failed to plausibly allege that a reasonable consumer would be misled by Grindr's statements, and the district court therefore did not err in dismissing the claims under GBL §§ 349 and 350. <u>See</u> <u>Stutman v. Chem. Bank</u>, 95 N.Y.2d 24, 29 (2000).

**3.** The district court denied leave to amend the complaint for a second time on the ground that Herrick failed to attach a proposed amended complaint to his request for leave. In view of the fatal deficiencies in Herrick's claims described above, we see no abuse of discretion in the district court's denial of leave to amend. <u>See</u> <u>Credit Chequers Info. Servs., Inc. v. CBA, Inc.</u>, 205 F.3d 1322 (2d Cir. 2000) (summary order) (denying motion to amend where "appellant has given no indication of what amendment is proposed that would state a valid claim for relief," and therefore "failed to meet its burden of setting forth with particularity the grounds for supporting its motion").

We have considered Herrick's remaining arguments and conclude they are without merit.² The judgment of the district court is therefore **AFFIRMED**.

        FOR THE COURT:
        CATHERINE O'HAGAN WOLFE, CLERK

*Catherine O'Hagan Wolfe* [signature]

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit
*Catherine O'Hagan Wolfe* [signature]

---

² Because the complaint must be dismissed in its entirety on the grounds of CDA immunity and failure to state claims, we need not address Grindr Holding's and KL Grindr's personal jurisdiction arguments.